**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007- AR7,

        Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

        Defendants.

Case No.: 2:16-cv-00577-GMN-GWF

**ORDER**

Pending before the Court is SFR Investments Pool 1, LLC's ("SFR") Motion for Summary Judgment, (ECF No. 53), against Defendant Alvin Browne ("Browne"). Browne did not file a response. For the reasons discussed below, SFR's Motion for Summary Judgment against Browne is **GRANTED**.[1]

## I. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248

---

[1] On March 5, 2019, Plaintiff U.S. Bank National Association and Cross-Defendant Mortgage Electronic Registration Systems, Inc. filed a Notice of Settlement, (ECF No. 59), with SFR. In light of the Notice of Settlement, **IT IS HEREBY ORDERED** that a status conference is set for March 29, 2019, at 8:00 A.M. in Courtroom 7D. If a stipulation to dismiss and proposed order are filed prior to the status conference, the hearing will be automatically vacated.

(1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## II. **DISCUSSION**

Here, as to SFR's quiet title and injunctive relief claims against Browne, SFR has adduced sufficient evidence to establish its entitlement to summary judgment. SFR purchased the property located at 2806 Don Juan Court, North Las Vegas, Nevada 89030 (the "Property"), on July 25, 2012, at an HOA foreclosure sale. SFR's superior interest in the Property relative to any interest claimed by Browne is evident by the recorded notice of delinquent assessment lien, notice of default, notice of sale, and the foreclosure deed. (*See* Statutory Foreclosure Notices, Exs. A-7, A-8, A-10 to SFR's Mot. Summ. J. ("MSJ"), ECF No. 53-1); (Trustee's Deed Upon Sale, Ex. A-11 to SFR's MSJ, ECF No. 53-1); *see also Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Accordingly, to the extent Browne asserts any adverse interest in the Property, SFR's interest is superior. *See Bank of Am., N.A. v. Falcon Point Ass'n*, 347 F. Supp. 3d 592, 603 (D. Nev. 2018). Thus, the Court grants SFR's Motion as to its claims against Browne.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion for Summary Judgment Against Alvin Browne, (ECF No. 53), is **GRANTED**.

**IT IS FURTHER ORDERED** that a status conference is set for March 29, 2019, at 8:00 A.M. in Courtroom 7D. If a stipulation to dismiss and a proposed order are filed prior to the status conference, the hearing will be automatically vacated.

**DATED** this __8__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court